**Norman SHELTON, Appellant**

v.

**Charles SAMUELS, Assistant Director; Warden Thomas; Norwood, Regional Director; A.W. Young.**

No. 13–1586.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 May 9, 2013.

Opinion filed: July 11, 2013.

Norman Shelton, Lewisburg, PA, pro se.

Michael J. Butler, Esq., Mark E. Morrison, Esq., Office of United States Attorney, Harrisburg, PA, for Appellees.

Before: RENDELL, JORDAN and SHWARTZ, Circuit Judges.

OPINION

PER CURIAM.

Norman Shelton is a federal prisoner incarcerated at USP Lewisburg. Proceeding pro se, he filed a 28 U.S.C. § 2241 habeas corpus petition attacking his continued confinement in the Special Management Unit of the penitentiary. Shelton sought release from the unit, termination of the entire program, and $150,000 in damages. Explaining that Shelton's claims were not properly brought in a § 2241 petition, the District Court dismissed it. Shelton appealed. We have jurisdiction to review the District Court's judgment under 28 U.S.C. §§ 1291 and 2253(a)(1). *See also United States v. Cepero,* 224 F.3d 256, 264–65 (3d Cir.2000).

This appeal is squarely controlled by *Cardona v. Bledsoe,* 681 F.3d 533 (3d Cir. 2012),[1] in which a prisoner "argu[ed] that the Bureau of Prisons ('BOP') illegally referred him to the Special Management Unit ... as punishment for filing numerous lawsuits against the BOP." *Id.* at 534. In that case, as here, the District Court dismissed the petition because the redress requested was properly sought in "a civil rights action under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 [91 S.Ct. 1999, 29 L.Ed.2d 619] (1971)." *Id.* Clarifying our § 2241 jurisprudence, we explained that "[i]n order to challenge the execution of his sentence under § 2241, [a prisoner] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." *Id.* at 537. Shelton's petition alleges nothing of the sort; thus, as in *Cardona,* "the District Court correctly dismissed his petition for lack of subject matter jurisdiction." *Id.* at 537. *But see id.* at 537 n. 9 (expressly declining to consider whether a *Bivens* suit would be an appropriate alternative).

Because no substantial question is presented by this appeal, we will summarily affirm the judgment of the District Court. *See Murray v. Bledsoe,* 650 F.3d 246, 248 (3d Cir.2011) (per curiam); *see also* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. To the extent that Sheldon requests independent relief in his pending filings, his requests are denied.

---

1. In light of our controlling precedent, we must reject the arguments that Shelton raises in his Memorandum of Law based on statements in cases (such as *Levine v. Apker,* 455 F.3d 71 (2d Cir.2006)) from the Second Circuit Court of Appeals.